UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
|---|---|---|---|
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS YOLANDA CHAVEZ, YOLANDA CHAVEZ FARMING, J&D HARVESTING INC., AND YB FARMING, INC. (Dkt. 34, filed September 27, 2018)

DEFENDANT J&D HARVESTING, INC.'S MOTION TO SET ASIDE DEFAULT (Dkt. 44, filed November 2, 2018)

DEFENDANTS YOLANDA CHAVEZ AND YB FARMING INC.'S REQUEST TO SET ASIDE DEFAULT (Dkt. 45, filed November 6, 2018)

## I. INTRODUCTION & BACKGROUND

On July 29, 2016, plaintiffs Jose Raul Gonzalez Suarez, Efrain Cruz Alcantar, Ana Teresa Cruz Barcenas, and Rosaura Chavez Lopez brought this action against defendants Yolanda Chavez, Yolanda Chavez Farming, Jorge Vasquez, J&D Harvesting Inc., YB Farming, Inc., Ramirez AG Services, Inc., Ram Ag Farms, Inc., YIMS Farming, and H2A Placement Services, Inc. Dkt. 1 ("Compl."). The gravamen of the complaint is that defendants acted in concert to recruit plaintiffs from Mexico to perform agricultural work pursuant to H-2A visas in and around Santa Barbara County in 2013, and ultimately violated various federal and state labor laws by forcing plaintiffs to remain confined to their residence and place of work under threat of deportation and failing to pay plaintiffs the wages owed to them pursuant to their employment contracts. See id. The complaint was served on Yolanda Chavez, Yolanda Chavez Farming, J&D Harvesting, and YB Farming. Dkts. 21, 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

On August 4, 2017, the Clerk entered default against defendants Yolanda Chavez, Yolanda Chavez Farming, J&D Harvesting, and YB Farming. Dkt. 25. Plaintiffs subsequently dismissed without prejudice defendants Jorge Vasquez, H2A Placement Services, and YIMS Farming. Dkts. 25, 29, 30. On September 11, 2018, the Court issued an order to show cause as to why this action should not be dismissed for lack of prosecution with respect to Yolanda Chavez, Yolanda Chavez Farming, J&D Harvesting, and YB Farming. Dkt. 31.

On September 27, 2018, plaintiffs filed the instant motion for default judgment against Yolanda Chavez, Yolanda Chavez Farming, J&D Harvesting, and YB Farming. Dkt. 34 ("Mot."). All plaintiffs, except Efrain Cruz Alcantar, filed supporting exhibits. Dkt. 34-2, Declaration of Jose Raul Gonzalez Suarez ("Suarez Decl."); Dkt. 34-4, Declaration of Ana Teresa Cruz Barcenas ("Barcenas Decl."); Dkt. 34-3, Declaration of Rosaura Chavez Lopez ("Lopez Decl."). On October 25, 2018, J&D Harvesting filed an opposition, dkt. 39 ("Opp'n"), and attempted to file an answer to the complaint, dkt. 40. The Court subsequently issued an Order to Show Cause as to why the default should be set aside as to J&D Harvesting. Dkt. 40.

The Court held a hearing on plaintiffs' motion for default judgment on October 29, 2018. Yolanda Chavez appeared *pro se* to oppose plaintiffs' motion. At hearing, Chavez indicated that Yolanda Chavez Farming is no longer in operation. The Court vacated its Order to Show Cause issued on October 26, 2018, and ordered J&D Harvesting, Yolanda Chavez, Yolanda Chavez Farming, and YB Farming, Inc. to show cause in writing as to why the defaults entered against them should be set aside.

On November 2, 2018, J&D Harvesting filed a motion to set aside default. Dkt. 44 ("J&D Mot."). On November 6, 2018, Yolanda Chavez submitted a declaration requesting to set aside the default as to Yolanda Chavez and YB Farming. Dkt. 45 ("Yolanda Mot.").[1] On November 13, 2018, plaintiffs filed oppositions to both motions. Dkt. 47 ("J&D Opp'n"); Dkt. 48 ("Chavez Opp'n").

On November 19, 2018, the Court held a hearing on the motions to set aside default. Plaintiffs' counsel agreed to submit evidence that plaintiffs were issued H-2A

---

[1] Yolanda Chavez's request does not address the default entered against Yolanda Chavez Farming.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

visas to work for either J&D Harvesting or Yolanda Chavez. Having carefully considered parties' motions and supporting exhibits, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III. DISCUSSION

The Court finds that J&D Harvesting, Yolanda Chavez, and YB Farming ("defaulting parties") have satisfied all three of the elements required to set aside an entry of default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

### A.    Culpable Conduct

It appears that the defaults entered against J&D Harvesting, Yolanda Chavez, and YB Farming was not the result of culpable conduct. A movant's conduct is culpable if he or she acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Group Life Ins. Plan, 244 F.3d at 697. Merely choosing not to respond to a complaint does not render a defendant's conduct culpable. Id. This is especially true when a defaulting party is representing himself *pro se*. Courts have held that "actual or constructive notice of the filing of the action and fail[ing] to answer" may alone be considered culpable behavior, but only if the movant is a "sophisticated part[y] represented by counsel who may be presumed to be aware of the consequences of their actions." U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1093.

The CEO of J&D Harvesting, Melquiades Jacinto Lara, avers that he called plaintiffs' counsel multiple times after receiving the complaint to inquire about the lawsuit. J&D Mot. at 6. According to Lara, J&D Harvesting never employed any of the plaintiffs. Id. Lara alleges that he did not understand the implications of receiving a summons and complaint, and that he assumed J&D was no longer involved in the case because J&D Harvesting did not employ the plaintiffs and because he never heard back from plaintiffs' counsel. Id. at 6, 16.

Yolanda Chavez explains that after she received paperwork from plaintiffs' counsel, she called their office to explain that the plaintiffs did not work for her or her business. Chavez Mot. at 2. When Chavez was told to go to plaintiffs' counsel's office to give an "interview" on July 12, 2017, she did not understand that she was submitting to a deposition. Id. Instead, she believed that she was providing plaintiffs' counsel with documentation proving that the defendants did not work for her so that she would no longer be listed as a defendant. Id. Chavez avers that she did not hear from plaintiffs' counsel again until September 2018 when she received paperwork regarding the hearing on plaintiffs' motion for default judgment. Id. at 3.

A movant's conduct may be culpable if there is there is "*no explanation* of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan, 244 F.3d at 698 (emphasis added). The defaulting parties' failure to respond appears to be the result of their lack of familiarity with the legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

system, not an intent to take advantage of plaintiffs or to otherwise manipulate the legal process. The defaulting parties were not represented by counsel and cannot be held to the heightened standards expected of practicing attorneys. As a result, the Court finds that the defaulting parties' failure to respond does not, in this case, amount to culpable conduct.

### B. Meritorious Defense

In addition, the defaulting parties may have a meritorious defense in this action. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Grp. Life Ins. Plan, 244 F.3d at 700 (citations omitted); see also Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (A defendant moving to set aside a default must show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.").

Here, plaintiffs' claims all rest on allegations that the defendants recruited plaintiffs to work for them under H-2A visas and then did not pay them for the work that they performed pursuant to the terms of those visas. Yolanda Chavez is alleged to have falsely imprisoned the plaintiffs. Each of the defaulting parties alleges that they never associated with the plaintiffs and that none of the plaintiffs worked for them. J&D Mot. at 5; Chavez Mot. at 2. At hearing, plaintiffs' counsel agreed to provide proof that the plaintiffs were granted H-2A visas to work specifically for either J&D Harvesting or Yolanda Chavez. Plaintiffs have failed to submit any evidence that such visas were issued to them. If the defaulting parties never recruited, employed, or even associated with the plaintiffs, that would form the basis of a meritorious defense against each of plaintiffs' causes of action. See Yagman v. Galipo, 2013 WL 1287409 at *12 (C.D. Cal. Mar. 25, 2013) ("[A defendant] need only assert 'a factual or legal basis that is sufficient to raise a particular defense'; the truth of that basis is determined later.") (citations omitted).

Accordingly, at this stage, and without any documentary proof from the plaintiffs establishing that plaintiffs were issued H-2A visas to work for any of the defaulting parties, the Court finds that the allegations in defaulting parties' motions are sufficient to justify setting aside the defaults.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-04785-CAS (AFMx) | Date | November 28, 2018 |
| Title | JOSE RAUL GONZALEZ SUAREZ; ET AL. v. YOLANDA CHAVEZ; ET AL. | | |

### C. Prejudice to Plaintiffs

Finally, the Court cannot discern any reason why vacating the defaults would prejudice plaintiffs. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.' " TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)) (alteration in original)). Examples of tangible harm to a non-movant include loss of evidence or heightened discovery burdens. Id. (citing Thompson v. American Home Assurance Co., 95 F.3d 429, 433-34 (6th Cir. 1996). Plaintiffs' counsel at hearing indicated that plaintiffs would be available to testify at trial. Thus, no such hardship exists here. Plaintiffs are not prejudiced simply because they are deprived of a "quick victory" and must litigate their claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Nothing suggests that plaintiffs' pursuit of this action will be hindered or prejudicially delayed should the Court set aside the defaults. Accordingly, the defaulting parties have satisfied all three of the elements required to set aside the defaults.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** J&D Harvesting, Yolanda Chavez, and YB Farming's motions to set aside the default. Plaintiffs' motion for default judgment against J&D Harvesting, Yolanda Chavez, and YB Farming is **DENIED** as moot. These defendants shall file their answers on or before December 12, 2018.

Yolanda Chavez Farming is ordered to show cause in writing not later than **December 10, 2018**, why the default against it should be set aside. The order to show cause will stand submitted upon the filing of briefs.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |